UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WISCONSIN

JEFFREY LILLEY

    Plaintiff,

v.

DEPUTY JOHN MATTHEWS
LIEUTENANT KALVIN DORSHORST
DEPUTY DEREK PHILLIPPI
WOOD COUNTY

    Defendants.

**COMPLAINT**

Case No.:
[Trial by Jury Demanded]

**COMPLAINT**

NOW COMES THE PLAINTIFF, Jeffrey Lilley, by his undersigned counsel, Paul Kinne OF GINGRAS, THOMSEN & WACHS, LLP, and submits the following as his complaint in this matter.

### NATURE OF PROCEEDINGS

1. This is a civil rights action to redress the deprivation under color of law of Plaintiff's rights, as secured by the Fourth and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983, which occurred when defendants unlawfully seized Plaintiff with excessive force.

### JURDISDICTION AND VENUE

5. This court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §

1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

      6.      Venue in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391 is proper insofar as the defendant is located in this district, and the events giving rise to the claim took place within this district.

## PARTIES

      2.      Jeffrey Lilley ("Mr. Lilley") is an adult resident of the State of Wisconsin.

      3.      Defendant Wood County, with offices of its executive at 400 Market Street, Wisconsin Rapids, WI 54494, is and was at all times material hereto, a Municipal Corporation organized under the laws of the State of Wisconsin. Pursuant to Wis. Stat. § 895.46, Wood County is obligated to indemnify all Defendants in this action.

      4.      Defendant Deputy John Matthews ("Mr. Matthews") is an adult resident of the State of Wisconsin. At all times relevant to this action, Defendant Deputy Matthews was employed as a deputy officer by the Defendant Wood County Sheriff's department.

      5.      Defendant Deputy Derek Phillippi ("Mr. Phillippi") is an adult resident of the State of Wisconsin. At all times relevant to this action, Defendant Deputy Phillippi was employed as a deputy officer by the Defendant Wood County Sheriff's department.

      4.      Defendant Lieutenant Kalvin Dorshorst ("Mr. Dorshorst") is an adult resident of the State of Wisconsin. At all times relevant to this action, Defendant Lieutenant Dorshorst was employed as a lieutenant officer by the Defendant Wood County Sheriff's department.

## FACTUAL ALLEGATIONS

8. On August 11, 2020 Defendants Matthew, Dorshorst, Phillippi (together, "the defendant officers") were dispatched to 2610 32nd Street North in the Village of Biron, Wood County, Wisconsin.

9. When the defendant officers arrived, they found Plaintiff Lilley lying in bed.

10. The defendant officers demanded that Plaintiff Lilley get up and leave his bed.

11. At the time, Plaintiff Lilley was naked.

12. Plaintiff Lilley suffers from Chronic Obstructive Pulmonary Disease (COPD).

13. Plaintiff Lilley followed the defendant officers' orders, and began to get up.

14. As he did, the defendant officers attacked Plaintiff Lilley.

15. The defendant officers grabbed Plaintiff Lilley and threw him to the floor.

16. While Plaintiff Lilley was face-down on the floor, Defendant Phillippi and Dorshorst secured his arms and legs.

17. While Plaintiff Lilley was face-down, and his arms and legs were secured, Defendant Matthews began to repeatedly strike Plaintiff Lilley in the torso with his knee.

18. The attack on Plaintiff Lilley was extremely painful, physically and emotionally.

19. The attack on Plaintiff Lilley exacerbated his COPD.

20. Plaintiff Lilley suffered significant mental anguish and distress, which

plagues him to this day and is permanent, as a result of Defendants conduct, as described above.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT DEPUTY MATTHEWS, DEFENDANT DEPUTY PHILLIPPI, AND DEFENDANT LIEUTENANT DORSHORST– EXCESSIVE FORCE

21. Plaintiff realleges and incorporate by reference, all preceding allegations.

22. At all relevant times, the defendant officers were "persons" for purposes of 42 U.S.C. § 1983 and acted under color of state law to deprive Plaintiff Lilley of his constitutional rights.

23. At all times material hereto, the defendant officers used unnecessary, excessive and deadly force, including but not limited to, attacking Plaintiff Lilley, who was only complying with their orders.

24. The described conduct of the defendant officers, as set forth above, was a cause of the plaintiffs' severe injuries, losses and damages as set forth herein.

25. The Defendant, Wood County, is liable pursuant to Wis. Stat. § 895.46, for payment of any judgment entered against the individual employee defendant in this action because said defendant was acting within the scope of his employment when he committed the acts described above.

### SECOND CLAIM FOR RELIEF—FAILURE TO INTERVENE AGAINST DEFENDANTS DORSHORST AND PHILLIPPI

26.   Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs.

27.   By the time Defendant Matthews began to repeatedly knee Plaintiff Lilley in the torso, Defendants Dorshorst and Phillippi had effectively secured and arrested Plaintiff Lilley (alebit with excessive force).

28.   Before Plaintiff Lilley suffered from the unlawful abuse and excessive use of force described above, the Defendants Dorshorst and Phillippi individually and collectively, had reasonable opportunities to intervene and prevent the injuries and losses Plaintiff Lilley suffered as a result of the unlawful conduct and excessive use of force by Defendant Matthews.

29.   As a result of the individual Defendant Officers' failure to intervene, Plaintiff Lilley suffered injuries, losses and damages as set forth herein.

30.   The Defendant Wood County is liable pursuant to Wis. Stat. § 895.46 for payment of any judgment entered against the individual employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the acts described above.

### THIRD CLAIM FOR RELIEF – PUNITIVE DAMAGES

31.   Plaintiff realleges and incorporates by reference all the allegations in the preceding paragraphs.

32.   That the above-described conduct of all the individual Defendants was unlawful, extreme, malicious, outrageous and/or intentional.

33. That such conduct was intended to cause Plaintiff Lilley unnecessary and severe personal physical and psychological and emotional injuries.

34. That such conduct on the part of all the individual Defendants was a cause of the severe personal injuries, physical and psychological and emotional, suffered by Plaintiff Lilley.

35. At all times material hereto, the individual Defendants acted maliciously and/or with reckless disregard and/or with deliberate indifference towards Plaintiff Lilley or in an intentional disregard of his rights, such as to subject all the individual Defendants to punitive damages.

36. The Defendant Wood County is liable pursuant to Wis. Stat. § 895.46 for payment of any judgment entered against these individual employees defendant in this action because said defendants were acting within the scope of his employment when he committed the acts described above.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

a. Against Defendants Matthews, Dorshorst and Phillippi, in their individual capacities, for compensatory damages for the violation of Plaintiff Lilley's rights, as set forth above, in an amount to be determined at a trial of this matter;

b. Against Defendants Matthews, Dorshorst and Phillippi for punitive damages for the violation of Plaintiff Lilley's rights, as set forth above, in an amount to be determined at a trial of this matter;

  c. Against Defendant Wood County, for its liability pursuant to Wis. Stat. § 895.46, to indemnify the Defendants in an amount to be determined a trial of this matter;

  d. For all costs, disbursements and actual attorneys' fees pursuant to 42 U.S.C. § 1988, and for such other relief as this Court deems just and equitable.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL OF THIS MATTER ON ALL ISSUES SO TRIABLE**

Respectfully submitted:

January 4, 2022.

GINGRAS, THOMSEN & WACHS, LLP

Electronically signed by *s/ Paul A. Kinne*
Paul A. Kinne
State Bar Number:  1021493

8150 Excelsior Drive
Madison, WI  53717
Phone:  (608) 833-2632
Fax:  (608) 833-2874
Email:  kinne@gtwlawyers.com